IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv172
[consolidating 1:10cv172, 1:10cv201, 1:10cv202, 1:10cv215, 1:10cv217, 1:10cv218,
1:10cv220, 1:10cv 221, 1:10cv231]

| | | |
|---|---|---|
| SYNOVUS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | 1:10cv172 |
| | ) | |
| JAMES G. KARP; G. DANIEL SIEGEL; and THE KARP FAMILY FOUNDATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| SYNOVUS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | 1:10cv201 |
| | ) | |
| BARRON S. WALL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| NATIONAL BANK OF SOUTH CAROLINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | 1:10cv202 |
| | ) | |
| KEVIN J. TRACY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

-1-

| | |  |
|---|---|---|
| **NATIONAL BANK OF SOUTH CAROLINA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | 1:10cv215 |
| | ) | |
| **ANTHONY J. BARBIERI,** | ) | |
| | ) | |
| Defendant. | ) | |
| ─────────────────────────── | ) | |
| **NATIONAL BANK OF SOUTH CAROLINA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | 1:10cv217 |
| | ) | |
| **3GMA REALTY, LLC; and GERALD M. ABATEMARCO,** | ) | |
| | ) | |
| Defendants. | ) | |
| ─────────────────────────── | ) | |
| **SYNOVUS BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | 1:10cv218 |
| | ) | |
| **GREGORY S. KEARY,** | ) | |
| | ) | |
| Defendant. | ) | |
| ─────────────────────────── | ) | |

| | |
|---|---|
| NATIONAL BANK OF SOUTH CAROLINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | 1:10cv220 |
| ) | |
| BENJAMIN W. ATKINSON; and ) | |
| DANIEL S. HINKSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| NATIONAL BANK OF SOUTH ) | |
| CAROLINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | 1:10cv221 |
| ) | |
| KATHERINE H. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| SYNOVUS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:10cv231 |
| Vs. ) | |
| ) | |
| PATRICIA M. TRACY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# ORDER CONSOLIDATING CASES

**THIS MATTER** is before the court on the court's own Motion for Consolidation based on the suggestion of defendants. A hearing was calendared for December 10, 2010, at which all counsel of record appeared. After considering the

well-reasoned arguments of all counsel, the court concluded that consolidation of the above captioned actions for purposes of discovery, all pretrial proceedings, and dispositive motions was appropriate, but that determination of whether the matters should be consolidated for trial was more appropriately left to the sound discretion of the district court. In conjunction with such consolidation, the court developed, with the assistance of counsel, a schedule for final amendments to counterclaims, the filing of a consolidated motion to dismiss, and briefing of such motions.

Counsel for defendants also forecast that another 10 cases would likely be filed by other lot owners against the plaintiffs herein. Based on such representation, the court advised out-of-state counsel that the court had serious concerns with serial admission *pro hac vice*. After the hearing, the court gave additional thought to the dilemma, and would suggest that counsel carefully consider joinder of additional parties under Rule 19(a)(1)(B) for the following reasons: (1)while the district court will determine whether any of these matters should be tried together, trial of essentially identical issues to different juries could lead to inconsistent results, which could undermine public confidence in the judicial system; (2) under Rule 19(a)(1)(B), non-joinder could result in inconsistent obligations for the banks; and (3) joinder rather than filing 10 additional cases may resolve the court's concern with serial admission, as well as result in substantial savings in filing and admission fees for such

additional parties.

Finally, the court will encourage the parties to explore amicable resolution of these matters through employing a highly qualified mediator. In a number of other cases (that are strikingly similar to these cases) the parties were able to resolve similar disputes amicably.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the above captioned cases are **CONSOLIDATED** for purposes of resolving dispositive motions, discovery, and all pretrial proceedings, including Rule 56 motions. The issue of consolidation for purposes of trial is **DEFERRED** for disposition by the district court in its sound discretion;

(2) the following schedule for amendment, the filing of a motion to dismiss counterclaims, and briefing is implemented:

(a) final amendments to counterclaims (as specifically limited in court) shall be filed by January 1, 2011;

(b) all motions to dismiss counterclaims now pending are administratively **DENIED** without prejudice and deadlines for responding to any such motions are **WITHDRAWN**;

(c) a consolidated Motion to Dismiss Counterclaims shall be filed by plaintiffs not later than January 31, 2011, supported by a brief not to exceed 50 pages in length;

(d) defendants shall file a consolidated Response within 30 days of plaintiffs filing their consolidated Motion to Dismiss, supported by a brief not to exceed 50 pages in length; and

(e) plaintiffs shall file their consolidated Reply, supported by a brief not to exceed 20 pages in length; and

(3) Within 14 days after final disposition of the Motion to Dismiss by the district court, the parties shall file a new CIAC and a Pretrial Order shall thereinafter issue.

*The court notes and appreciates the manner in which all counsel handled oral arguments and commends them for their professionalism and collegiality.*

Signed: December 10, 2010

Dennis L. Howell
United States Magistrate Judge